1997 ME 98

**Deborah RUSSELL**

v.

**ACCURATE ABATEMENT, INC.**

Supreme Judicial Court of Maine.

Argued April 10, 1997.

Decided May 6, 1997.

Stephen B. Wade (orally), Skelton, Taintor & Abbott, Auburn, for plaintiff.

William A. Fogel (orally), Daniel G. Lilley Law Offices, P.A., Portland, for defendant.

RUDMAN, Justice.

[¶ 1] Deborah Russell appeals from the judgment entered in the Superior Court (Cumberland County, Saufley, J.) following a jury verdict in her favor. Russell contends that the trial court erred by refusing to instruct the jury that a violation on the part of Accurate Abatement, Inc. (Accurate) of an applicable building code may be considered by the jury as evidence of Accurate's negligence. We agree and vacate the judgment.

[¶ 2] In August 1991, Deborah Russell was a senior field technician for Balsam Environmental Consultants when she was injured in a work-place accident at Southern Maine Vocational Technical College. On the day of her accident, Russell was monitoring asbestos removal being performed by Accurate, an asbestos removal contractor. The accident occurred during a preabatement containment inspection when Russell, looking up at the ceiling, took a step backwards and fell through a hole in the floor. Accurate had covered the 5 × 5 foot hole with a sheet of plastic in preparation for the asbestos removal. The hole was not otherwise guarded in any manner.

[¶ 3] In a pre-trial motion, Russell argued that because the Building Officials and Code Administrators (BOCA) building code had been adopted by the city of South Portland, it had the force of law and the jury should be instructed that a violation of the BOCA code could be considered as evidence of negligence. The trial court "accepted for purposes of the state of the law that the City of South Portland has in fact adopted the BOCA code." The court, however, ruled "the BOCA code does not apply to the actions of this defendant relative to the plaintiff here" and declined to give a jury instruction regarding the effect of a violation of the

BOCA code. Russell preserved her objection for appeal. A unanimous jury verdict determined that both Russell and Accurate were negligent and reduced Russell's total damage award from $36,055.28 to $7,495.28. Russell appealed from the judgment entered on the jury verdict.

[¶ 4] A party is entitled to a jury instruction if: (1) the requested instruction states the law correctly, (2) it is supported by the facts in the case, (3) it is not misleading or confusing, (4) it is not already sufficiently covered in the charge, and (5) refusal to give the instruction would result in prejudice to the party requesting it. *Hatch v. Maine Tank Co., Inc.*, 666 A.2d 90, 94 (Me.1995); *Dumont v. Shaw's Supermarkets, Inc.*, 664 A.2d 846, 847 (Me.1995). We review jury instructions in their entirety for legal error. *Dumont*, 664 A.2d at 847. When a party has made a timely objection pursuant to M.R. Civ. P. 51(b) to the court's instructions to the jury, an error in the instructions or in a refusal to give a requested instruction is reversible error only if it results in prejudice. *Id.; Brae Asset Fund, L.P. v. Adam*, 661 A.2d 1137, 1140 (Me.1995).

[¶ 5] A violation of a safety statute is evidence of negligence and the court should instruct the jury as to the legal effect of any such violation. *French v. Willman*, 599 A.2d 1151, 1152 (Me.1991); *Dongo v. Banks*, 448 A.2d 885, 889–90 (Me.1982). Whether a particular building code ordinance applies to the facts of a case is a question of law for the court. *Swallow v. City of Lewiston*, 534 A.2d 975, 977 (Me.1987).

[¶ 6] The 1990 version of the BOCA code, adopted by the City of South Portland, provides:

> **3000.1 Scope:** The provisions of this article shall apply to all construction operations in connection with the erection, alteration, repair, removal or demolition of buildings and structures.
> **SECTION 3006.0 PROTECTION OF PUBLIC AND WORKERS**
> **3006.1 General:** Wherever a building or structure is erected, altered, repaired, re-

moved or demolished, the operation shall be conducted in a safe manner and suitable protection for the general public and workers employed thereon shall be provided.
> **SECTION 3013.0 PROTECTION OF FLOOR AND WALL OPENINGS**
> **3013.4 Guardrails:** All floor and wall openings shall be protected with substantial guardrails and toe boards in accordance with ANSI A12.1 listed in Appendix A.[1]

[¶ 7] The BOCA code applies to "all construction operations in connection with the erection, alteration, repair, removal or demolition of buildings and structures." BOCA § 3000.1. Nothing in the language of the BOCA code limits its application to the party who owns the building or the party ultimately responsible for the construction project.

[¶ 8] At the time of Russell's accident, Accurate was engaged in the removal of asbestos, a construction operation. Accurate was preparing the area for asbestos removal and had already placed a sheet of plastic over the hole through which Russell fell. Additionally, an Accurate supervisor had instructed Accurate workers to construct a barricade around the hole, but the job had not yet been completed by the time Russell inspected the area. Because Accurate was engaged in a construction operation that explicitly falls within the purview of the BOCA code, Accurate was bound to comply with the code's strictures. Accordingly, Russell was entitled to an instruction on the effect of a violation of the BOCA code.

[¶ 9] Accurate is not absolved of its responsibility, imposed by the BOCA code, to conduct its operations in a safe manner and to provide suitable protection for workers employed on the site simply because Russell was inspecting Accurate's work at the time of her accident. Similarly, Accurate's contention that Russell is not a member of the class the BOCA code is intended to protect is without merit. The BOCA code is intended to protect both the general public and workers employed on the premises. BOCA § 3006.1.

---

1. The particular ANSI requirements for guarding a floor opening are not relevant to this appeal.

[¶ 10] Having concluded that the trial court erred by not issuing the requested BOCA instruction, we further conclude that the error resulted in prejudice to Russell. At trial the court did not allow Russell to use the words "rules," "regulations" or "codes" in the context of the existence of any applicable safety statutes. Further, Accurate argued to the jury that there were "no hard and fast rules that apply to this situation...." Although the jury did find Accurate negligent, it also found Russell negligent and reduced her damages from $36,055 to $7,495. We cannot say that Russell was not prejudiced by the court's failure to instruct the jury on the effect of a BOCA violation.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

