1999 ME 6

**Frederick L. AHLGREN**

v.

**Kevin FABIAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 22, 1998.

Decided Jan. 6, 1999.

Frederick L. Ahlgren, Oakland, for plaintiff.

Robert E. Sandy, Jr., Sherman & Sandy, Waterville, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

WATHEN, C.J.

 [¶ 1] Defendant, Kevin Fabian, appeals from a judgment on a jury verdict entered in the Superior Court (Kennebec County, *Mills, J.*) in favor of plaintiff, Frederick L. Ahlgren, finding defendant negligent in the construction of plaintiff's house. This litigation began as a small claims action and was appealed to the Superior Court for a jury trial. Contrary to defendant's contentions, the court did not err in instructing the jury on a claim of negligence. *See Russell v. Accurate Abatement, Inc.*, 1997 ME 98, ¶ 4, 694 A.2d 921, 923. The facts alleged by plaintiff in his small claims statement of claim and presented by him at trial could properly generate both a negligence claim for failure to perform in a workmanlike manner and a breach of contract claim. *See Paine v. Spottiswoode*, 612 A.2d 235, 238–39 (Me.1992); *Strickland v. Cousens Realty, Inc.*, 484 A.2d 1006, 1007 (Me.1984). Moreover, defendant was placed on notice at the beginning of the trial that the court considered negligence an issue and he did not object. Thus, defendant implicitly consented to the issue being tried and was not prejudiced by the instruction. *See Clarke v. DiPietro*, 525 A.2d 623, 625–26 (Me.1987); *DiBiase v. Universal Design & Builders, Inc.*, 473 A.2d 875, 877–78 (Me.1984). Further, the court did not err in upholding the jury award in the amount of $2,860. Although M.R. Civ. P. 80L(d)(2) limits the judgment amount to $1,400, the rule was adopted for the following purpose: "Rule 80L(d)(2) limits the amount of judgment that may be entered to reflect the jurisdictional limitations of the Small Claims Act, 14 M .R.S.A. §§ 7481, 7482. The limit controls regardless of the size of the jury's verdict." M.R. Civ. P. 80L advisory committee's note, Me. Rptr., 498–509 A.2d LX (effective February 15, 1986). The statutory limit in effect at the time plaintiff filed his statement of small claim in 1996 was $3,000 rather than $1,400. *See* P.L.1993, ch. 401, § 3 (effective June 21, 1993) (codified as amended at 14 M.R.S.A. § 7482 (Supp.1998)). Defendant's other contentions were not properly preserved and, in any event, lacked merit.

The entry is:

Judgment affirmed.