2003 ME 45

**William GROVER**

v.

**BOISE CASCADE CORP.**

Docket No. Oxf–02–525.

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 23, 2003.

Decided: April 2, 2003.

Stephen B. Wade, Esq., Marc N. Frenette, Esq., Skelton, Taintor & Abbott, P.A., Auburn, for plaintiff.

Theodore H. Kirchner, Esq., Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Panel: RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] William Grover appeals from a summary judgment entered in Superior Court (Oxford County, *Delahanty, J.*) in favor of Boise Cascade Corp. on Grover's negligence claim. Grover claims that he was injured in 1995 when he fell from a platform with an unlatched chain guardrail in Boise's Rumford paper mill. He argues, inter alia, that there is a genuine issue of material fact as to whether the dangerous condition that caused his injury was "obvious" within the meaning of RESTATEMENT (SECOND) OF TORTS § 343A (1965). We agree and vacate the judgment.

I.

[¶ 2] Grover was employed as a sales engineer by Tamfelt, a company that manufactured fabrics used in paper machines, including the "second press wet felt" on the number 12 paper machine in the Rumford mill, then owned by Boise. He visited the mill on March 7, 1995, receiving a visitor's pass from Boise. Boise required such passes for all visitors, who had to be there by invitation of a Boise employee; the mill is not open to the public. One of Grover's tasks was to determine the cause of shadow markings that were appearing on the paper during the last week or two of the six-week life of each felt. In the basement of the number 12 machine he attempted to trace whether there was a tie-in between two vacuum lines that might be causing the marking problem. The basement was not brightly lit, and Grover had to shine a flashlight on one vacuum line as he visually traced it. While keeping his eye on the line, he stepped backward up a set of steps onto a small platform next to the running wet felt. This platform was normally used by Boise employees only every six weeks to change the

felt. There is no evidence as to when the felt had last been changed.[1]

[¶ 3] The sides of the platform were guarded with safety chains that could be latched and unlatched. Boise employees were allowed to unlatch the chains to make it easier to change the felt, but they were expected to latch them when they were finished. Boise was aware that the failure to latch safety chains was a hazard, and such failure was a persistent problem in the Rumford mill in the early 1990s. The absence of a guardrail on a platform like this one, located next to dangerous equipment, is a violation of OSHA regulations found at 29 C.F.R. § 1910.23(c)(3) (2002).

[¶ 4] As he ascended the steps Grover saw that the chain was attached on his right side and assumed it was attached on his left, the side closest to the felt. While stepping onto the platform he attempted to step around a protruding valve stem, tripped, and fell to his left. The safety chain was not latched on that side,[2] and Grover fell off the platform. While falling he was afraid he would fall into the rapidly spinning wet felt and be killed, but instead he fell to the floor and was injured.

[¶ 5] Grover brought this action in 2001. After extensive discovery, the court granted Boise's motion for summary judgment.

## II.

[¶ 6] In arguing that summary judgment was proper, Boise invokes section 343A(1)

of the Restatement, which provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."[3] *See Isaacson v. Husson Coll.,* 297 A.2d 98, 105 (Me.1972) (adopting section 343A). Boise argues that the dangerous condition of the spinning wet felt in the paper machine was both known to Grover and obvious. The obviousness of the dangerous condition of the machine is irrelevant, however. For the rule of section 343A to apply, it is the dangerous condition that caused the plaintiff's injury that must be known or obvious. The condition that caused Grover's injury was the unlatched safety chain that allowed him to fall to the floor. The facts demonstrate that this condition was clearly not known to Grover; whether it was obvious is a closer question.

[¶ 7] A dangerous condition is "obvious" if "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." RESTATEMENT § 343A cmt. b. Taking the facts and the reasonable inferences therefrom in the light most favorable to Grover, *see Curtis v. Porter,* 2001 ME 158, ¶¶ 6, 9, 784 A.2d 18, 21–22, there is a genuine issue of material fact as to whether the unlatched safety chain would have been apparent to a rea-

---

**1.** Grover asserts in his statement of material facts that the platform would have last been used four to five weeks before his fall, apparently assuming that the shadow marking problem was occurring at the time he was there, but this assertion is not supported by the record. Grover's record reference is to the deposition of a Boise engineer, who actually testified that trying to fix the shadow marking "was an ongoing project, so it's not like [Grover] was in because the problem was happening then."

**2.** Grover asserts in his brief that the chain was not merely unlatched, it was broken. This fact does not appear in the statements of material fact and is not properly before us in reviewing the summary judgment.

**3.** We abolished the common-law distinction between invitees and licensees in *Poulin v. Colby College,* 402 A.2d 846, 849–51 (Me. 1979).

sonable person in Grover's position and whether, if it were apparent, such a person would have recognized the risk of injury posed by the unlatched chain. Although a jury could rationally conclude that the danger was obvious, on this record we cannot say that it would be compelled to do so.

[¶ 8] If the danger was not obvious, RESTATEMENT § 343A(1) does not apply. Instead, Boise's liability is governed by the more general rule of RESTATEMENT § 343. *See Isaacson*, 297 A.2d at 104–05. Section 343 provides:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

[¶ 9] If the jury finds the danger of the unlatched safety chain was not obvious, it could find Boise liable under section 343. Contrary to Boise's argument, this is not like a foreign substance slip-and-fall case where nobody knows who put the slippery substance on the floor. *Cf. Milliken v. City of Lewiston*, 580 A.2d 151, 152 (Me. 1990). Grover's statement of material facts, properly supported by record references, establishes that the platform was normally used only to change the felt and that Boise strictly controlled access to the mill. Because a jury could infer from these facts that Boise's employees unlatched the chain, it could also find that Boise knew of the danger and failed to exercise reasonable care to protect Grover

from it. The violation of OSHA regulations is additional evidence of Boise's negligence. *See Russell v. Accurate Abatement, Inc.*, 1997 ME 98, ¶ 5, 694 A.2d 921, 923.

[¶ 10] Regarding the second element of section 343 of the Restatement, we have stated above that it is for the jury to determine whether Boise should have expected that Grover would not discover the unlatched chain or that he would fail to recognize the danger. Whether it was reasonably foreseeable that Grover would fail to protect himself from the unlatched chain if he discovered it is also a jury issue. Finally, whether Boise failed to exercise reasonable care to protect Grover from danger is disputed and therefore within the jury's province.

[¶ 11] Boise also argues that the facts demonstrate an absence of proximate cause, as they show that Grover's conduct was the only cause of his injury. However, from the facts, viewed most favorably to Grover, a jury could find that Boise was negligent in not discovering or remedying the unlatched chain, and Boise's conduct was a substantial factor in causing Grover's injury. *See Houde v. Millett*, 2001 ME 183, ¶ 11, 787 A.2d 757, 759 ("The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause.").

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.