STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-04-744


ARTHUR L. PRUE

        Plaintiff

        v.                                 ORDER ON
                                           DEFENDANT'S MOTION
                                           FOR SUMMARY
ALYSSA ROSE CO., INC.                      JUDGMENT
and DAVID G. KRUEGER

        Defendant


Before the court is Defendant Alyssa Rose Co.'s and David Krueger's

("Defendants") motion for summary judgment against Plaintiff Arthur Prue

("Plaintiff") on his complaint.

## UNDISPUTED FACTS

In March, 2002 Defendants installed a new boiler at the home of Beth

Prue, Plaintiff's mother. The system installed by Defendants included a Watts

hot water mixing valve, the function of which is to regulate the temperature of

hot water leaving the boiler. When tested by Frederick G. Hochgraf, a senior

scientist with NH Materials Laboratory, Inc., in February, 2004, this mixing value

did not function properly.

In October, 2003, Plaintiff soaked his feet in a container of hot water

drawn from the kitchen faucet in his mother's house. Plaintiff was unable to

assess the temperature of the water in the footbath with either his thumbs or feet

due to bilateral neuropathy, caused by diabetes. As a result of soaking his feet in

hot water from the kitchen faucet in his mother's house, Plaintiff sustained

blistering and significant burns on both of his feet. Plaintiff claims that Defendants are liable in negligence for installing a faulty mixing valve and for failing to repair or replace the mixing valve upon notice of the problem from Plaintiff's mother.

## STANDARD OF REVIEW

To survive a defendant's motion for summary judgment, a plaintiff must establish a prima facie case for each element of the cause of action alleged in the complaint. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11; 779 A.2d 951, 954. A prima facie case of negligence requires a plaintiff to establish a duty owed by defendant to plaintiff, breach of that duty, and an injury to the plaintiff that is proximately caused by the breach of duty. *Id.*

The existence of a duty is a question of law. *Id.* A duty is an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another. *Id.* at ¶ 12. Duty is often framed in terms of one's obligation to conduct oneself or one's business in ways that do not cause injury to others. *See id.*

However, the questions of breach of duty and whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries are generally questions of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause. *Grover v. Boise Cascade Corp.*, 2003 ME 45, ¶ 11; 819 A.2d 322, 324 (quoting *Houde v. Millett*, 2001 ME 183, ¶ 11; 787 A.2d 757, 759).

There is no dispute in this case that Plaintiff has suffered injuries. Thus, the questions on summary judgment concern (1) whether and what duty

Defendants owe to Plaintiff and (2) whether Plaintiff has created a disputed issue of material fact concerning Defendants' actions and their role in his injuries.

## DISCUSSION

### I.    Duty

Plaintiff claims that Defendants owe him a duty of care, as a third person using his mother's facilities, to conduct the installation and maintenance of his mother's boiler system with reasonable care, such that third parties including himself do not get scalded by excessively hot water.

Defendants claim that, with respect to the duty owed, they are entitled to summary judgment in their favor on two grounds. First, Defendants state that none of Plaintiff's experts are prepared to testify that Defendants improperly installed the mixing valve in Mrs. Prue's boiler system. In effect, Defendants' argument is that their duty was limited to installing the component parts of Mrs. Prue's boiler system correctly, and that absent any material question of fact about this, they are entitled to summary judgment. As a matter of law, however, Defendants have a duty not only to mechanically put the component parts of the boiler system into place correctly, but also a duty to conduct a reasonable test of the system once installed.

Second, Defendants claim they are entitled to summary judgment because Plaintiff does not have a contractual relationship with Defendants, and therefore as a matter of law no duty flows from Defendants to Plaintiff. However, the general framework of duty stated in *Mastriano*, that one has a duty to conduct oneself and one's business in a manner that does not cause injury to others, implies a duty not only to those who employ one's services, but also to those

third parties who reasonably foreseeably will be affected by those services.[1] 2001 ME 134 at ¶ 11. Defendants' argument that the law cuts off liability at the level of contractual privity does not reflect the modern understanding of duty. *See id.*

## II. Breach of Duty and Causation

Plaintiff alleges that Defendants were negligent (1) in failing to test the temperature of the hot water coming out of Mrs. Prue's faucets at the time of the original installation and (2) in not responding to Plaintiff's and Mrs. Prue's requests to fix the hot water problem at her house. Defendants claim, however, that Plaintiff has failed to meet his burden of creating a disputed issue of fact with respect to either of these allegations of breach.

Regarding Plaintiff's first allegation, Defendant Krueger asserts that Plaintiffs point to no testimony that creates a disputed issue of material fact about whether he tested the temperature of the water coming out of Mrs. Prue's faucets after he had completed the installation. It is true that neither Mrs. Prue nor Plaintiff directly assert that Mr. Krueger didn't check the water temperature. However, Mrs. Prue states that within a day or so after Defendants had installed a new boiler in her home, she noticed that that water was uncomfortably hot. Deposition of Beth Prue, p. 34. A reasonable fact finder could infer, based on this testimony, that there was a problem with the boiler system from the time that it was installed, and that Defendants negligently failed to detect it at the time of installation.

---

[1] Defendants also argue in a brief supplementing their motion for summary judgment, that this is a case of nonfeasance. However, Plaintiffs' allegations that Defendants failed to detect a mixing valve problem on the system they installed and failed to correct the hot water problem after they had been alerted to it do not allege nonfeasance, as the concept is described in *Mastriano* or in *Bryan R. v. Watchtower Bible and Tract Society. See* 2001 ME 134 at ¶ 17; 1999 ME 144, ¶ 14. Here, prior to Defendants' alleged failures, Defendants had undertaken to install and service Plaintiff's mother's boiler system. Thus, this is a standard negligence claim alleging misfeasance, not nonfeasance, and no special relationship between the parties must be adduced by Plaintiff.

With regard to the second assertion, Mrs. Prue states that, in the summer of 2002, Defendant Krueger came to her house in response to a call she had made about an oil leak. Mrs. Prue recalls indicating to Mr. Krueger after he had arrived that she would like to have the thermostat adjusted because the water was very hot. *Id.* at 33. She states that Mr. Krueger did not at this time show her how to adjust the mixing valve. *Id.* In addition, Plaintiff states that he recalled calling Defendant Krueger shortly after the installation of the boiler to report an oil leak and to report that the water was too hot. Deposition of Arthur Prue, p. 7 and 12-13. These statements create a material issue of fact as to whether Defendants knew about the hot water problem prior to Plaintiff's injury such that they could have isolated a problem with the hot water mixing valve and corrected it.

Finally, Defendants make two proximate cause arguments. First, Defendants state that even a properly functioning valve would have allowed for a maximum temperature of 160 degrees Fahrenheit for water flowing from Mrs. Prue's faucets. This is only twelve degrees cooler than the water temperature tested at Mrs. Prue's house following Plaintiff's injuries. *See* Deposition of Philip Lamourreux, p. 12. They assert, in essence, that Plaintiff could have sustained injury to his feet regardless of what action they took. However, Plaintiff points to a material issue of fact concerning whether the temperature of the water when tested was as hot as it could get coming out of the tap without the mixing valve to regulate it. *See id.*, p. 27. A reasonable factfinder could find that the water may have been even hotter than 170 degrees when Plaintiff drew it to soak his feet. A reasonable factfinder could also conclude that a ten degree difference substantially contributed to the severity of Plaintiff's injuries. Thus, it is

improper for the court to decide on summary judgment that Plaintiff has not created a material issue of fact with regard to this issue. *See Grover*, 2003 ME 45 at ¶ 11.

Defendants also point out that Plaintiff was aware of a hot water problem at the time of his injuries, and they assert that this awareness cuts off any liability on their part in the chain of causation. Plaintiff's awareness of a hot water problem may lessen Defendants' liability on the question of proximate cause, but the amount of liability remaining, if any, (i.e. the question of whether Defendants' conduct was a substantial factor in Plaintiff's injuries) is a question of fact that cannot be resolved on summary judgment. *See Grover*, 2003 ME 45 at ¶ 11.

The entry is:

Defendants' motion for summary judgment is DENIED.

Dated at Portland, Maine this 22nd day of November, 2005.

Robert E. Crowley
Justice, Superior Court

ARTHUR L PRUE   - PLAINTIFF

Attorney for: ARTHUR L PRUE
RALPH LANCASTER   - RETAINED 12/10/2004
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101

Attorney for: ARTHUR L PRUE
MARK E PORADA   - RETAINED 12/10/2004
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101

vs
ALYSSA ROSE CO., INC. - DEFENDANT
,
Attorney for: ALYSSA ROSE CO., INC.
FREDERICK MOORE   - RETAINED 12/28/2004
LAW OFFICE OF FREDERICK MOORE
511 CONGRESS STREET, SUITE 401
PORTLAND ME 04101

DAVID G KRUEGER   - DEFENDANT
,
Attorney for: DAVID G KRUEGER
FREDERICK MOORE   - RETAINED 12/28/2004
LAW OFFICE OF FREDERICK MOORE
511 CONGRESS STREET, SUITE 401
PORTLAND ME 04101

PATRIOT HEATING DBA PATRIOT HEATING INC - THIRD PARTY DEFENDANT

Attorney for: PATRIOT HEATING DBA PATRIOT HEATING
INC JOHN R VEILLEUX   - RETAINED 07/22/2005
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

BETH PRUE   - THIRD PARTY DEFENDANT

Attorney for: BETH PRUE
THOMAS G MUNDHENK   - RETAINED 07/19/2005
PIAMPIANO & GAVIN
707 SABLE OAKS DR
S PORTLAND ME 04106

WATTS WATER TECHNOLOGIES INC-DIS. 10-25-05 - THIRD PARTY DEFENDANT

Attorney for: WATTS WATER TECHNOLOGIES INC-DIS.
10-25-05PEARSON   - RETAINED 07/14/2005
MCLANE, GRAF, RAULERSON & MIDDLETON
900 ELM ST
PO BOX 5573

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2004-00744

DOCKET RECORD

STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. CV-04-744

ᵹᴱᴺ MAR 15  P 3: 06    RᴇC-ᴅᴺ - ᶾᶜᶜ

ARTHUR PRUE

    Plaintiff

    v.

ALYSSA ROSE CO. and               ORDER ON THIRD PARTY
DAVID KRUEGER                  DEFENDANT'S MOTION
                                 FOR SUMMARY JUDGMENT

    Defendants

    v.

PATRIOT HEATING, INC.

    Third-Party Defendant

## BEFORE THE COURT

Before the court is third-party defendant Patriot Heating, Inc.'s ("Patriot") motion for summary judgment on Defendant Alyssa Rose Co.'s and David Krueger's ("Defendants") third party complaint.

## BACKGROUND

In an order dated November 22, 2005, this court denied Defendants' motion for summary judgment on plaintiff Arthur Prue's ("Plaintiff") complaint for injuries sustained as a result of blistering and burning his feet in excessively hot water in October of 2003. Nineteen months prior to this incident, in March, 2002, Defendants had installed a new boiler system in Plaintiff's mother's ("Beth Prue") house. This system included a Watts hot water mixing valve that, when tested in February, 2004, did not function properly. This court held that Plaintiff had generated a material issue of fact as to whether Defendants had breached a

1

duty of care to Plaintiff to test the hot water mixing valve when it was installed, and as to whether this purported breach proximately caused or contributed to Plaintiff's injuries. Defendants had also serviced Beth Prue's boiler on a few occasions after installation and prior to Plaintiff's injuries. This court found that Plaintiff generated a material issue of fact as to whether Defendants were made aware, on these occasions, of a hot water problem such that they could and should have isolated a problem with the hot water mixing valve and corrected it.

Prior to the incident causing Plaintiff's injuries, Patriot had also serviced Beth Prue's boiler on two occasions. Defendants impleaded Patriot as a third-party defendant on the theory that Patriot breached a duty to correct the hot water problem on these occasions, and that their breach either caused or contributed to Plaintiff's injuries. Patriot now moves for summary judgment against Defendants on this claim.

## DISCUSSION

The law applicable to Patriot's motion for summary judgment is the same as the law recited by the court in its decision on Defendant's motion for summary judgment. To survive Patriot's motion for summary judgment, Defendants must establish a prima facie case for each element of Patriot's alleged negligence. *See Mastriano v. Blyer*, 2001 ME 134, ¶ 11; 779 A.2d 951, 954. A prima facie case of negligence requires Defendants to establish, *inter alia*, that Patriot owed a duty to Plaintiff. *See id.*

Defendants claim that Patriot owed Plaintiff a duty of care to repair Beth Prue's hot water problem. However, Defendants have offered no evidence that Patriot undertook to repair Beth Prue's hot water problem. *See* Beth Prue Depo.,

2

pp. 45-47. Beth Prue's testimony, which is exclusively relied upon by Defendants, is that, on two occasions, she told Patriot that the water in her house was too hot. *Id.* She testified that, on both occasions, Patriot's technician advised her to turn down the temperature dial on the hot water mixer. She also stated that she did not ask the technician to check the water temperature. *Id.*

Absent any evidence that Patriot undertook to repair Beth Prue's hot water problem or led Beth Prue to rely on a promise that Patriot would do so, Defendants have failed to show that Patriot had any duty to Plaintiff. *See Mastriano,* 2001 ME 134 at ¶ 11; Restatement (Second) of Torts § 324A. Defendants claim that Beth Prue relied on Patriot's expert advice as providing a solution to her hot water problem, namely, Patriot's suggestion that she should adjust the thermostat on the boiler created a duty on Patriot's part to be correct that this was a solution to her problem. However, the situation described by Beth Prue is more limited. According to her deposition testimony, she did not ask Patriot to check her hot water, rather, she asked the Patriot technician how to adjust the temperature on the water. *See* Beth Prue Depo., pp. 45-47. The limited nature of Beth Prue's request invoked only a limited duty to indicate the mechanism by which hot water is normally regulated, which Patriot did. This situation is unlike Illustration 4 to Restatement (Second) of Torts, § 324A, wherein a company sends a workman to a building specifically for the purpose of inspecting an elevator, and this inspection is negligently done. In Illustration 4, the inspection company's liability to a third party subsequently injured in the elevator arises out of its failure to complete the task for which it was hired. Here,

3

by contrast, Patriot responded adequately to Beth Prue's requests, discharging all duties it had undertaken, and making no promises it did not keep.

A correction of the court's order relative to Defendant's motion for summary judgment is in order. The court stated, "[Plaintiff has] create[d] a material issue of fact as to whether Defendants knew about the hot water problem prior to Plaintiff's injury such that they could have isolated a problem with the hot water mixing valve and corrected it." Whether Beth Prue told Defendants of the hot water problem when they serviced her boiler is only relevant to the fact question of whether there was a problem with the hot water mixing valve that had been in existence since the time Defendants installed Beth Prue's new boiler. Beth Prue's communication of a hot water problem to Defendants does not, *standing alone*, create an affirmative duty on their part to correct a problem not arising out of the installation. In other words, if the hot water mixing valve had malfunctioned at some point after Defendants' installation, as a result of factors unrelated to Defendants' installation, no duty to repair such a malfunction would arise out of the mere fact that they had become aware that there was a problem.

The entry is:

> Third-party defendant Patriot Heating's motion for summary judgment is GRANTED.

Dated at Portland, Maine this _16th_ day of _March_, 2006.

_____
Robert E. Crowley
Justice, Superior Court

4

ARTHUR L PRUE  - PLAINTIFF

Attorney for: ARTHUR L PRUE
RALPH LANCASTER  - RETAINED 12/10/2004
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101

Attorney for: ARTHUR L PRUE
MARK E PORADA  - RETAINED 12/10/2004
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


vs
ALYSSA ROSE CO., INC. - DEFENDANT

,
Attorney for: ALYSSA ROSE CO., INC.
FREDERICK MOORE  - RETAINED 12/28/2004
LAW OFFICE OF FREDERICK MOORE
511 CONGRESS STREET, SUITE 401
PORTLAND ME 04101

DAVID G KRUEGER  - DEFENDANT

,
Attorney for: DAVID G KRUEGER
FREDERICK MOORE  - RETAINED 12/28/2004
LAW OFFICE OF FREDERICK MOORE
511 CONGRESS STREET, SUITE 401
PORTLAND ME 04101

PATRIOT HEATING DBA  (DISMISSED 3-16-06) - THIRD PARTY DEFENDANT

Attorney for: PATRIOT HEATING DBA  (DISMISSED 3-
16-06) VEILLEUX  - RETAINED 07/22/2005
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

BETH PRUE  - THIRD PARTY DEFENDANT

Attorney for: BETH PRUE
THOMAS G MUNDHENK  - RETAINED 07/19/2005
MUNDHENK, BELL & CENTER
707 SABLE OAKS DR
S PORTLAND ME 04106

WATTS WATER TECHNOLOGIES INC-DIS. 10-25-05 - THIRD PARTY DEFENDANT

Attorney for: WATTS WATER TECHNOLOGIES INC-DIS.
10-25-05PEARSON  - RETAINED 07/14/2005
MCLANE, GRAF, RAULERSON & MIDDLETON
900 ELM ST
PO BOX 5573

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2004-00744


**DOCKET RECORD**

MANCHESTER NH 03105

Attorney for: WATTS WATER TECHNOLOGIES INC-DIS.
10-25-05 ATTORNEY - RETAINED 09/08/2005
VISITING ATTORNEY

-

- -

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 12/09/2004

## Docket Events:

12/09/2004 FILING DOCUMENT - COMPLAINT FILED ON 12/09/2004

12/10/2004 Party(s): ARTHUR L PRUE
           ATTORNEY - RETAINED ENTERED ON 12/10/2004
           Plaintiff's Attorney: RALPH LANCASTER

12/10/2004 Party(s): ARTHUR L PRUE
           ATTORNEY - RETAINED ENTERED ON 12/10/2004
           Plaintiff's Attorney: MARK E PORADA

12/23/2004 Party(s): ARTHUR L PRUE
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/23/2004

12/23/2004 Party(s): ARTHUR L PRUE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/18/2004
           OF DEFENDANT, DAVID KRUEGER. AD

12/23/2004 Party(s): ALYSSA ROSE CO., INC.
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/23/2004

12/23/2004 Party(s): ALYSSA ROSE CO., INC.
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/18/2004
           OF DEFENDANT, ALYSSA ROSE CO., INC. TO DAVID KRUEGER, (PRESIDENT) AD

12/28/2004 Party(s): ALYSSA ROSE CO., INC.,DAVID G KRUEGER
           RESPONSIVE PLEADING - ANSWER FILED ON 12/28/2004
           OF ALYSSA ROSE CO. INC. AND DAVID G. KRUEGER (GM)

12/28/2004 Party(s): ALYSSA ROSE CO., INC.
           ATTORNEY - RETAINED ENTERED ON 12/28/2004
           Defendant's Attorney: FREDERICK MOORE

           Party(s): DAVID G KRUEGER
           ATTORNEY - RETAINED ENTERED ON 12/28/2004
           Defendant's Attorney: FREDERICK MOORE

12/28/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/28/2004
           ROBERT E CROWLEY , JUSTICE

01/05/2005 Party(s): ALYSSA ROSE CO., INC.,DAVID G KRUEGER