STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           BANSC-CV-08-70

FRANK T. McGUIRE and
BANGOR SAVINGS BANK as
Co-Personal Representatives of the          ORDER ON DEFENDANT'S
Estate of Ruth A. Farrington                MOTION FOR SUMMARY
                                                JUDGMENT
        Plaintiffs

v.
                                        ┌─────────────────────────┐
ALLSTATE INSURANCE COMPANY              │  FILED & ENTERED         │
                                        │  SUPERIOR COURT          │
        Defendant                       │    JUL 07 2009           │
                                        │  PENOBSCOT COUNTY        │
                                        └─────────────────────────┘

        Before the Court is Defendant Allstate Insurance Company's Motion for

Summary Judgment filed October 30, 2008. Oral argument on this Motion was heard on

April 7, 2008. Plaintiffs are represented in this matter by Attorney John. W. McCarthy,

and Defendant is represented by Attorney Martica Douglas.

        Defendant argues that this Court should find as a matter of law that the Plaintiffs

failed to take "reasonable care" to maintain heat in the building for which Defendant

provided homeowner's insurance coverage, such that pipes froze, ruptured, and water

damage occurred. Plaintiffs argue alternatively, that either there exists a material issue of

fact which requires resolution by the factfinder; or that pursuant to Rule 56(c), summary

judgment be granted against the Defendant, the moving party.

                                                                                    1

The Court has reviewed the pleadings, and all summary judgment documents, and has considered the oral arguments of counsel.

## BACKGROUND

The facts in this case are for the most part undisputed. Ruth Farrington died on September 6, 2006, and her house remained unoccupied from at least that date until the day that a burst pipe was discovered on January 3, 2007. As of the date of her death, her account with fuel oil supplier R.H. Foster was on automatic delivery. (OSF¶ 19). The only condition on the contract for purchase and delivery of fuel oil was that she pay for the oil most recently delivered before the next delivery would be made. (OSF ¶19-21). On August 29, 2006 R.H. Foster delivered oil to her home, and sent her a statement dated August 31, 2006 for that load of oil. (OSF¶22). She died 11 days later, and Bangor Savings Bank (hereinafter BSB), as co-personal representative of her estate, paid the company for that oil by check dated September 29, 2006. In addition, BSB notified R.H. Foster that the new address on the account would be "c/o BSB Trust Dept. 07-1102, PO Box Bangor, ME 04402-0930." The company, without notice to BSB, removed the account from automatic delivery, and closed the account in December of 2006. (OSF¶23, 25-27).[1] The Plaintiffs did not otherwise contact R.H. Foster or any other fuel oil dealer to arrange for delivery of oil to the house after Ms. Farrington's death.

It is undisputed that the cause of the broken pipes was the empty oil tank. It is further undisputed that at the time of the loss, in January of 2007, Ms. Farrington had

---

[1] The record indicates that the account status was changed unilaterally by the company when a customer service representative read Ms. Farrington's death notice in the Bangor Daily News, and placed her account "on hold." (SMF¶8).

coverage under an Allstate homeowner's policy. That policy excludes coverage for losses occurring as a result of frozen plumbing, if the insured fails to use "reasonable care to maintain heat in the building structure." (SMF¶6).

## FINDINGS

In deciding whether Allstate is entitled to summary judgment, this Court is obligated to view the facts and reasonable inferences from those facts in the light most favorable to the Plaintiffs. *Curtis v. Porter,* 784 A.2d 18 (Me. 2001). Viewing the facts in this record in this light, the Court denies the Motion for Summary Judgment.

A genuine issue of material fact exists as to whether the Plaintiff exercised reasonable care to maintain heat in the subject building. The Plaintiffs paid for the last load of oil delivered in a timely way, and did so pursuant to the contract that Mrs. Farrington had maintained with R.H. Foster since 2002. In addition, the Plaintiffs notified the fuel oil company that future bills should be sent to it, and provided the address to the company. The payment by the Plaintiffs in late September of 2006 obligated the company to make another delivery, and send another bill to the Plaintiffs. It can reasonably be inferred that the Plaintiffs relied upon the contract that had been in place for over four years in trusting that automatic delivery would continue unless the company contacted the Plaintiffs. Unbeknownst to them, however, the company unilaterally took the Plaintiffs off automatic delivery, and canceled the account.

A genuine issue of fact has been generated on this record as to whether the Plaintiffs exercised reasonable care in maintaining heat in the subject building. Although

3

it is true that a jury could rationally conclude that the Plaintiffs did *not* use reasonable care, the Court "cannot say that it would be compelled to do so." *Grover v. Boise Cascade Corp.,* 819 A.2d 322 (Me. 2003).

The entry will be: Defendant's Motion for Summary Judgment is denied. The Clerk shall note this Order on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

7/ 6 /09

**DATE**

M. Michaela Murphy
**SUPERIOR COURT JUSTICE**

4

FRANK T MCGUIRE CO P R EST RUTH FARRINGTON ET AL VS ALLSTATE INSURANCE COMPANY
                                        CASE #:BANSC-CV-2008-00070
------------------------------------------------------------------------

     SEQ TITLE              NAME                              DOB    ATTY
     001 PL           FRANK T MCGUIRE CO PR EST RUTH FARRING  BY JOHN MCCARTHY, ESQ
     003 PL           BANGOR SAVINGS BANK CO PR EST RUTH FARRINGTO BY JOHN MCCARTHY, ESQ
     002 DEF          ALLSTATE INSURANCE COMPANY BY MARTICA DOUGLAS, ESQ