STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-194

CHARLES BRAGDON, JR.,

        Plaintiff

    v.

SAM'S EAST, INC.,

        Defendant

ORDER ON DEFENDANT
SAM'S EAST, LLC'S
MOTION FOR SUMMARY
JUDGMENT

Before the court is defendant Sam's East Inc.'s motion for summary judgment on plaintiff Charles Bragdon's complaint. For the following reasons, the motion is denied.

I.    Facts

On August 29, 2016, plaintiff was shopping at the Sam's Club in Scarborough, Maine. (Pl.'s A.S.M.F. ¶ 1.) While shopping plaintiff tripped over the corner of a flatbed cart. (Pl.'s A.S.M.F. ¶ 8.) The flatbed that plaintiff tripped over was in a walkway and had been left there by defendant. (Pl.'s A.S.M.F. ¶ 8.) The flatbeds provided and used by defendant are five feet long, a little more than two feet wide, with the bed about ten and a half inches off the ground, and a waist high push handle. (Def.'s S.M.F. ¶ 7); (Pl.'s A.S.M.F. ¶ 11.) Plaintiff was severely injured as a result of this incident. (Pl.'s A.S.M.F. ¶ 17.)

II.    Procedure

Plaintiff filed a complaint on May 9, 2018 and alleged four counts against defendant: count I, general negligence, count II, premises liability, count III, creating a dangerous condition, and count IV, failure to warn. Defendant answered plaintiff's complaint on June 15, 2018.

1

REG'D CUMB CLERKS OFC
DEC 5 '19 AM 8:46

Defendant filed for summary judgment on July 17, 2019. Plaintiff opposed defendant's motion for summary judgment on August 19, 2019. Defendant did not file a reply.

III.    Discussion

A.    Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

On summary judgment, the court considers reasonable inferences that may be drawn from the facts. Curtis v. Porter, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." Id. (quotation marks omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." Id.

A plaintiff's negligence claim "must establish a prima facie case for each element of the cause of action." Murdock v. Thorne, 2017 ME 136, ¶ 11, 166 A.3d 119 (quotation marks omitted). To establish a prima facie claim for negligence the plaintiff must show "a duty owed, a breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty." Canney v. Strathglass Holdings, LLC, 2017 ME 64, ¶ 19, 159 A.3d 330 (quotation marks omitted).

B.    Duty and Breach

Defendant argues that it did not breach any duty of care owed to plaintiff as he walked through defendant's store because the flatbed was a known and obvious danger. (Def.'s Mot.

Summ. J. 5-11.) Plaintiff opposes summary judgment because: (1) there are genuine issues of material facts as to whether the flatbed was an obvious danger, (2) plaintiff did not admit to seeing the flatbed before he fell as defendant suggests, and (3) defendant owed a duty to plaintiff even if the flatbed was a known and obvious danger. (Pl.'s Opp'n to Defs.'s Mot. Summ. J. 7-13.)

At issue in this motion for summary judgment is whether defendant breached a duty it owed to plaintiff. The existence of a duty depends on whether the defendant is "under any obligation for the benefit of the particular plaintiff." Gniadek v. Camp Sunshine at Sebago Lake, Inc., 2011 ME 11, ¶ 17, 11 A.3d 308 (quotation marks omitted). "Even though the issue is fact driven, the question of duty is a legal question decided by the court, not the jury." Brown v. Delta Tau Delta, 2015 ME 75, ¶ 9, 118 A.3d 789. Whether a breach of that duty occurred and whether a party's conduct was reasonable are questions of fact for the jury. Budzko v. One City Ctr. Assocs., 2001 ME 37, ¶ 10, 767 A.2d 310.

In Maine, "the owner of premises owes a legal duty to his business invitees to protect them from those dangers reasonably to be foreseen." Stanton v. Univ. of Me. Sys., 2001 ME 96, ¶ 8, 773 A.2d 1045 (quotation marks omitted). "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Grover v. Boise Cascade Corp., 2003 ME 45, ¶ 6, 819 A.2d 322 (quotation marks omitted). "A dangerous condition is obvious if both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Id. at ¶ 7 (quotation marks omitted).

Plaintiff and defendant dispute whether the flatbed cart was an "open" and "obvious" danger and whether plaintiff saw the flatbed before his accident. (See Def.'s Mot. Summ. J. 5-9);

3

(Pl.'s Opp'n to Def.'s Mot. Summ. J. 7-10.) The flatbed was ten and a half inches off the ground, had no bright markings on it, was made of grated material which caused it to blend in with the floor, was left unattended, and was extending into the middle of intersecting walkways. (Pl.'s A.S.M.F. ¶¶ 8, 11-12.) Plaintiff maintains that he did not see the flatbed and he was not "consciously aware of the flatbed" prior to his fall. (Pl.'s A.S.M.F. ¶ 15.) Because defendant did not respond to plaintiff's additional statements of material fact and because they are supported by record references, they are deemed admitted. M.R. Civ. P. 56(h)(4) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). Viewing the evidence in the light most favorable to plaintiff, "there is sufficient evidence for a fact-finder to choose between competing versions as to whether the flatbed was an obvious danger. See Lougee Conservancy, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). Although a jury could conclude that the danger of tripping over the flatbed was obvious, based on the record before the court, a jury would not be compelled to do so. See Grover, 2003 ME 45, ¶ 7, 819 A.2d 322.

The entry is

Defendant Sam's East, Inc.'s Motion for Summary Judgment is DENIED.

Date:   December 5, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket:   12/6/19

4

  

en Case Search   Open Financials   Print Docket   Reports/Forms

Filter attorneys for party:   - All Parties -

| | Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|---|
| ☑ ☒ | Mawhinney, Daniel | Sams East Inc – 2 Defe… | Retained | 06/15/2018 |
| ☑ ☒ | Herbert, William | Charles E Bragdon JR –… | Retained | 05/09/2018 |