STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-48

RICHARD LAMOTHE,

    Plaintiff

    v.

ALDEN RESTAURANTS, LLC, and
MCDONALD'S USA, LLC,

    Defendants

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT

The matter before the court is defendants Alden Restaurants, LLC and McDonald's USA, LLC's Motion for Partial Summary Judgment on plaintiff Richard Lamothe's First Amended Complaint. For the following reasons, the motion will be granted.

Factual Background

On May 9, 2019, Mr. Lamothe entered a McDonald's restaurant located at 1035 Lisbon Street in Lewiston, Maine, operated by Alden Restaurants. (Supp.'g S.M.F. ¶¶ 1, 21) Mr. Lamothe interacted with a cashier employee of McDonald's named Abdikadir Haji. (Supp.'g S.M.F. ¶ 2.) Mr. Lamothe and Mr. Haji began to argue, which resulted in Mr. Haji coming around the counter and attacking Mr. Lamothe, punching him in the back of the head, pushing him to the ground, and jumping on top of him. (Supp.'g S.M.F. ¶ 3; Pl.'s Add. S.M.F. ¶ 16.)

The manager of Alden Restaurants was present on the scene while the argument was ongoing. (Pl.'s Add. S.M.F. ¶ 13.) After Mr. Haji attacked Mr. Lamothe, the manager intervened and separated the two. (Supp.'g S.M.F. ¶ 4; Pl.'s Add. S.M.F. ¶¶ 17-18.) After assisting Mr. Lamothe, the manager immediately fired Mr. Haji and removed him from the building. (Supp.'g S.M.F. ¶ 5.) Mr. Lamothe allegedly suffered injuries from the altercation, including a bulging

1

disc, pain in his left lower back, left leg, right elbow and the back of his head. (Supp.'g S.M.F. ¶ 6.)

Alden Restaurants first hired Mr. Haji through a program run by Lewiston High School that assists students with obtaining work permits. (Supp.'g S.M.F. ¶ 8.) The work permit indicates that, at the time he was hired, Mr. Haji was a student in good standing, not habitually truant, and not under academic suspension. (Supp.'g S.M.F. ¶ 10.) Alden Restaurants did not check references for minors and did not conduct a background check or other additional screening. (Pl.'s Add. S.M.F. ¶ 27.) Mr. Haji had worked for Alden Restaurants for three years prior to the incident. (Supp.'g S.M.F. ¶ 7.) At the time of the incident, Mr. Haji was on probation, but there is no evidence in the record indicating whether any employee of Alden Restaurants was aware of this. (Pl.'s Add. S.M.F. ¶ 28.) The manager who assisted Mr. Lamothe commented that Alden Restaurants had previous issues with Mr. Haji's anger. (Opp. S.M.F. ¶ 12; Pl.'s Add. S.M.F. ¶ 15.)

Alden Restaurants has a policy against physical altercations in the workplace, though the parties dispute whether Mr. Haji was actually trained on this policy. (Supp.'g S.M.F. ¶ 14; Opp. S.M.F. ¶ 14.) The policy states that physical violence in the workplace would result in immediate termination. (Supp.'g S.M.F. ¶ 15.) Prior to the incident in question, there had been no other violent altercations between Mr. Haji and any customers. (Supp.'g S.M.F. ¶ 16.) While the manager for Alden Restaurants allegedly told Mr. Lamothe on the day of the incident that Mr. Haji was on a 24-hour watch related to anger issues, the only disciplinary actions in Mr. Haji's personnel file were for a single unexcused absence and a single time he came up short on his register. (Supp.'g S.M.F. ¶ 18.)

McDonald's USA was only the franchisor of Alden Restaurants. (Supp.'g S.M.F. ¶ 21.) McDonald's USA had no responsibility for the day-to-day operations of Alden Restaurants. (Supp.'g S.M.F. ¶ 22.)

Mr. Lamothe filed a complaint against Alden Restaurants and McDonald's USA on May 3, 2021. Mr. Lamothe amended this complaint on May 27, 2021. The First Amended Complaint alleges six counts against both defendants:

Count I – Negligence

Count II – Landowner/Occupier Liability (also known as Premises Liability)

Count III – Assault & Battery

Count IV – Intentional Infliction of Emotional Distress

Count V – Negligent Infliction of Emotional Distress

Count VI – Punitive Damages

Defendants move for summary judgment on Counts II-VI as to both defendants, and on Count I as to McDonald's USA only. Mr. Lamothe opposes the motion as to Count II only.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual

3

statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). "[A]ssertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

Discussion

By agreement of the parties, the only count of Mr. Lamothe's complaint actually in dispute is Count II. Count II alleges a theory of premises liability.

Mr. Lamothe cites *Kachele v. Kenyon Oil Co.*, 2000 ME 39, 747 A.2d 167, in support of his claim for premises liability. The Law Court held in *Kachele*:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

*Id.* ¶ 10 n.5 (citing Restatement (Second) of Torts § 341A). Therefore, a restaurant "is liable for an assault upon a guest or patron by another guest, patron, or third person where [it] has reason to anticipate such assault, and fails to exercise reasonable care under the circumstances to prevent the assault or interfere with its execution." *Id.* ¶ 8.

*Kachele* is not on point for two reasons. First, *Kachele* is a case that deals with a business's liability for an assault on one patron by another "guest, patron, or third person." *Id.* Here, there is no third person. Mr. Haji was an on-duty employee and agent of Alden Restaurants at all times during the alleged assault. Second, *Kachele* is not a premises liability case. *Kachele* deals with an action for negligence against a business for the conduct of a third-party invitee.

4

Premises liability is a different theory of negligence which relates to dangerous conditions of the land itself. *See Grover v. Boise Cascade Corp.*, 2003 ME 45, ¶¶ 6-8, 819 A.2d 322.

Mr. Lamothe is not alleging any dangerous condition of the land. The dangerous condition that Mr. Lamothe alleges was present on the day of the incident is the presence of Mr. Haji, who he argues Alden Restaurants should have foreseen posed a risk of violently assaulting customers, and Alden Restaurants' general lack of policy to prevent violent altercations. The propensity of a specific employee to engage in violence is not a condition of the land. A premises liability theory does not fit the undisputed facts of this case.[1]

The entry is

> Defendants Alden Restaurants, LLC, and McDonald's USA, LLC's, Motion for Partial Summary Judgment on Counts II, III, IV,V, and VI as to both Defendants and on Count I as to Defendant McDonald's USA is hereby GRANTED.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: March ᴧ⌐ , 2023

Harold Stewart, II
Justice, Superior Court

---

[1] To be clear, the court is not holding that Alden Restaurants may not be held liable for failing to prevent the assault. Businesses may be held liable directly for actions of their employees by a variety of theories, for example, negligent hiring and negligent supervision. *See Gniadek v. Camp Sunshine at Sebago Lake,* 2010 Me. Super. LEXIS 10, at * 9-10 (Jan. 15, 2010, aff'd 2011 ME 11, 11 A.3d 308); *Fortin v. Roman Catholic Bishop of Portland,* 2005 ME 57, ¶ 39, 871 A.2d 1208. However, these theories all sound in negligence, and as such are covered by Count I of Mr. Lamothe's Complaint.