MARTIN BROWN, Pro Ami

*vs.*

EDWARD E. RHOADES, ET AL.

Cumberland.    Opinion April 13, 1927.

*Want of definite allegations essential to a cause of action render a pleading subject to demurrer.*

*It is sufficient as against general demurrer, however, that a cause of action can be reasonably inferred from the language used, and if to any extent on any reasonable theory the declaration presents facts sufficient to justify a recovery it will be sustained.*

*It is not the duty of proprietors of public amusements to warn patrons of obvious and known risks peculiar to the use of an amusement device to which the patrons voluntarily subject themselves.*

*Acts of a person put in peril by the negligence of another, and injured in an instinctive effort to escape from that peril under the stress of fright, are not the proximate cause of the injury, provided the acts of the injured party were justified as an exercise of ordinary care and prudence.*

In the instant case the defendants owed the plaintiff, who was their invitee, an affirmative duty of using reasonable care, not only to see that the premises to which he was invited were in a reasonably safe condition, but also to take due precautions to guard him from dangers arising out of instrumentalities under their control, which duty is imposed by law and it can neither be enlarged nor diminished by averments of duty set out in the declaration. Such averments are conclusions of law only and may be ignored as surplusage if erroneous.

The plaintiff assumed the risk only of dangers the existence of which he knew, or of which he ought to have known in the exercise of that degree of care which ordinarily prudent children of his age and intelligence under like circumstances are accustomed to use. His affirmative allegation of due care on his part is sufficient averment of his freedom from contributory negligence and assumption of risks which were obvious.

In the instant case upon the undisputed facts alleged or admitted by the general demurrer, different inferences may fairly be drawn and fair minded men may reasonably arrive at different conclusions. Absence of negligence cannot, therefore, be predicated thereon as a matter of law.

On report. An action to recover for personal injuries sustained by plaintiff, a minor, while sliding down a chute owned and operated by defendants at Old Orchard Beach, alleging negligence. Defendants filed a general demurrer and by agreement the cause was reported with the stipulation that if the declaration and amendments thereto were sufficient the demurrer to be overruled and defendants allowed to plead over without costs; otherwise the demurrer to be sustained and judgment for defendants without costs. Demurrer overruled. Defendant given leave to plead over.

The case fully appears in the opinion.

*Hinckley & Hinckley*, for plaintiff.

*Strout & Strout*, for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BASSETT, JJ., MORRILL, A.R.J.

STURGIS, J. Action on the case to recover for personal injuries. The defendants filed a general demurrer, and by agreement the case is reported to the Law Court for determination of the sufficiency of the plaintiff's declaration.

The merits of the plaintiff's claim are not in issue. By interposing a general demurrer the defendants admit all facts well pleaded, and the only issue is whether in the language used the plaintiff has stated a legal cause of action. *Chickering* v. *Power Co.*, 118 Me., 414.

While it is a general rule of pleading that want of definite allegations essential to a cause of action render a pleading subject to demurrer, all that is necessary to sustain the pleadings as against general demurrer is that a cause of action can be reasonably inferred from the language used. A declaration to be bad on general demurrer must be wholly insufficient, and if to any extent on any reasonable theory it presents facts sufficient to justify a recovery it will be sustained. This is the rule, however inartificially the facts may be stated, 21 R. C. L., 519; 31 Cyc., 289.

The plaintiff's declaration in substance alleges that on the 6th day of August, 1923, the defendants were the proprietors of a certain amusement enterprise at Old Orchard, Me.; that upon their general invitation to the public to patronize their enterprise and all devices and forms of amusement therein, the plaintiff, a boy of nine years,

paid the usual fee, entered the building, and while using a "chute" was injured. The chute is described as a "long, steep chute, extending from near the floor to a point near the ceiling," in which the patrons found amusement by going "to the top and sliding to the bottom at great speed." The plaintiff was wearing "sneakers" so called, or rubber soled shoes. Thus equipped he entered the chute and began a slide. It does nor appear whether he was standing or in a sitting or prone position. But however that may have been, it is averred that while sliding down the chute, "becoming frightened at the great speed at which he was proceeding, he suddenly attempted to check his speed by bracing himself with his feet," with the result that "his forward progress was suddenly and violently halted," producing injuries of a serious character to his right leg.

The declaration contains a further averment that the defendants did not have the building properly supervised, had no attendant in the building to supervise children who entered, and were negligent and careless in allowing the plaintiff to enter said chute while wearing said sneakers without informing him of the danger attendant on wearing sneakers and attempting to check his progress in the manner which he adopted. It is also affirmatively alleged that the plaintiff was in the exercise of due care, and it is stated that his injuries were caused "solely through the negligence and carelessness of said defendants in not properly supervising said chute, and in allowing said plaintiff to slide down said chute while wearing said sneakers." It is from these facts thus substantially stated, and by the demurrer admitted, together with inferences fairly to be drawn therefrom, that the sufficiency of the pleadings must be determined.

The defendants were the proprietors of a public exhibition or amusement. The plaintiff was clearly their invitee. The defendants therefore owed him an affirmative duty of using reasonable care, not only to see that the premises to which he was invited were in a reasonably safe condition, but also to take precautions to guard him from dangers arising out of instrumentalities under their control. *Easler* v. *Amusement Co.* 125 Me., 334; *Hoyt* v. *Fair Association,* 121 Me., 461; *Graffam* v. *Saco Grange,* 112 Me., 508; *Thornton* v. *Agricultural Society,* 97 Me., 108. This is the measure of duty which the law imposes from the facts alleged. The averments of duty by the plaintiff can neither diminish nor enlarge it. They are conclusions of law only, and may be ignored as surplusage if erroneous. *Tucker* v. *Ran-*

*dall*, 2 Mass., 283; *Jones* v. *Dow*, 137 Mass., 121; XII Encyc. of Pleading & Practice, 1028. See also *Hone* v. *Presque Isle Water Co.*, 104 Me., 217; *Boardman* v. *Creighton*, 95 Me., 154.

What are the due precautions to be taken by amusement proprietors upon the facts as stated in this declaration? They must of necessity vary and depend upon the conditions and circumstances of the particular amusement and its use. The kind and extent of precautions which have been held requisite to the exercise of due care by amusement proprietors under varying conditions and circumstances is illustrated in the following cases.

This Court has recently held in *Easler* v. *Amusement Co.*, supra, that due care on the part of the proprietor of a circus demands that protection be furnished or due warning given of the incident dangers to a youthful spectator at a scrub ball game played on the circus grounds by employees.

In *Blanchette* v. *Union Street Railway*, 248 Mass., 407, it is held that due care of the proprietor of an amusement resort required a warning of the dangers incident to the use of a slide or chute leading to the water and used by bathers to slide or dive into the pond below.

In *Brotherton* v. *Manhattan Beach Improvement Co.*, 48 Neb., 563, that Court held that proprietors of a bathing resort, in the exercise of ordinary care, should keep some one on duty to supervise bathers and rescue any apparently in danger.

In *Levinski* v. *Cooper*, 142 S. W., 959 (Tex. Civ. App.), we find the rule that the exercise of due care requires that a reasonably sufficient number of competent attendants be furnished to care for the safety of patrons of a bathing resort.

On the other hand, it is held that it is not the duty of the proprietors of public amusements to warn patrons of obvious and known conditions to which they voluntarily subject themselves. *Sullivan* v. *Ridgeway Construction Co.*, 236 Mass., 75. No warning is necessary of risks peculiar to the use of an amusement device which are obvious and known to the user. *Lumsden* v. *L. A. Thompson Scenic Ry. Co.*, 114 N.Y.S., 421.

Without adopting these conclusions of courts of other jurisdictions, we find in them support for the general rule that the care required must be commensurate with the risk involved, and pertinent illustration of the care which has been deemed requisite under the particular circumstances of each case.

Reverting to the declaration before us, we are of opinion that the description of the "chute" there given, inferentially at least, indicates that the construction of the device and its contemplated use may involve some danger or hazard to the patron seeking amusement upon its surface. The demurrer admits that the person sliding descends at great speed. And without more detail than that it is a long, steep chute in which the usual descent is rapid, some element of risk and danger, we think, may reasonably be anticipated. The adhesive qualities of rubber, and the effect of its application to smooth surfaces as retarding progress, are common knowledge. Proper supervision in person or by attendant of this chute and its users would have undoubtedly disclosed the fact that the plaintiff was shod with rubber soled shoes, and if such discovery had been accompanied by exclusion of the plaintiff from the chute or warning of the dangers attendant upon its use thus shod, would have constituted full and due precaution on the part of the defendants. We cannot say as a matter of law, that failing to use either of these precautions, the defendants were in the exercise of due care.

The contention is made that the plaintiff "assumed the risk," using that expression in a broader sense, and was guilty of contributory negligence. It is urged that the conditions of the chute and the attendant risks of its use, including its use by a person shod with rubber soled shoes which in turn are applied as a brake, was obvious and apparent to any person, young or old. If the plaintiff were an adult, this contention would be of much weight. He was, however, nine years old, with the powers of observation and with the experience and judgment of a boy of those years, and his care and foresight are measured by a different rule. A child of his years is bound only to use that degree of care which ordinarily prudent children of that age and like intelligence are accustomed to use under like circumstances, and he assumed the risk only of dangers the existence of which he knew, or which in the exercise of this degree of care he ought to have known. *Easler* v. *Amusement Co.*, supra; *Chickering* v. *Power Co.*, supra. The plaintiff alleges that he was in the exercise of due care, and inferentially thus avers that he did not know and in the exercise of the care required of a boy of his years and intelligence cannot be held to have known the speed of descent he was to encounter, or the effect of sliding down shod in sneakers and using them to check his speed. This assertion on his part is not refuted by other allegations

of his declaration, and on general demurrer the declaration cannot be held insufficient on the ground of the plaintiff's contributory negligence.

It is further urged that the failure of these defendants to supervise or exclude the plaintiff from the chute under the circumstances was not the proximate cause of his injuries. The defendants admitted the plaintiff to the building and to the chute unsupervised and without warning of attendant dangers. Assuming that such admission to the chute was negligence on the part of the defendants, the plaintiff is entitled to recover for the natural and probable consequences thereof, although the injury in the precise form in which it resulted was not forseen. *Neal* v. *Rendall,* 98 Me., 76. It is sufficient that after the injury it appears to have been a natural and probable consequence of the defendants' negligence. *Marsh* v. *Paper Co.,* 101 Me., p. 489. The natural instinct of self preservation might well prompt a timid person to attempt to check a speedy descent of a long, steep chute. The natural method or means of so doing is to use the feet as a brake. Some resulting injury, we think, might reasonably be apprehended.

Attention is called to the plaintiff's averment that while sliding down the chute he became frightened at the great speed at which he was proceeding, and in effect that as a result of this fright attempted to check his speed. And it is contended that his fright was the proximate cause of his injury. The rule applicable to this contention is that acts of a person put in peril by the negligence of another, and injured in an instinctive effort to escape from that peril under the stress of fright, are not the proximate cause of the injury, provided the acts of the injured party were justified as an exercise of ordinary care and prudence. *Page* v. *Bucksport,* 64 Maine, 51; *Card* v. *Ellsworth,* 65 Maine, 547; *Lund* v. *Tyngsboro,* 11 Cush., 563. Here again the question of the age, experience and intelligence of the plaintiff as compared with that of boys of like age, experience and intelligence under similar circumstances, must be considered; and taking into consideration the natural impulses of any person, adult or minor, under the circumstances outlined in this declaration, we are not prepared to say as a matter of law that the acts of the plaintiff under the stress of fright were unjustified and negligently contributed to his injury.

This declaration, upon the defendants' general demurrer, presents a set of undisputed facts from which, we think, different inferences may fairly be drawn, and upon which fair minded men may reasonably arrive at different conclusions. Such being the case, absence of negligence cannot as a matter of law be predicated thereon.. *Nugent* v. *B. C. & M. R. R.*, 80 Me., 62. The demurrer must be overruled, and in accordance with the terms of the report the defendants given leave to plead over.

*Demurrer overruled.*

*Defendants given leave to plead over.*