2010 ME 49

**SALEM CAPITAL GROUP, LLC**

v.

**William F. LITCHFIELD et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 29, 2010.

Decided: June 1, 2010.

Stephen Y. Hodsdon, Esq., Matthew J. Williams, Esq., Hodsdon & Clifford, LLC, Kennebunk, ME, for Maxwell Eveleth.

Daniel L. Cummings, Esq., Norman, Hanson & DeTroy, LLC, Portland, ME, for Evergreen Credit Union.

Panel: LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Party-in-interest Maxwell Eveleth appeals from a grant of a summary judgment entered in the District Court (York, *Eggert, J.*) in favor of Salem Capital Group, LLC. William F. Litchfield is indebted to Salem Capital pursuant to a promissory note and subsequent allonges to the note. The sole issue is the order of priority among the secured parties: Salem Capital and parties-in-interest Eveleth and Evergreen Credit Union. Eveleth does not dispute that Salem Capital has priority as to the amount of debt reflected in the initial promissory note because it was secured by a recorded mortgage, but he argues that the District Court erred in giving Salem Capital priority with respect to the additional debt reflected in the allonges because the recorded mortgage did not contain a "future advances" clause, pursuant to 33 M.R.S. § 505(1)(B), (2) (2009).[1] We agree and vacate the judgment.

---

1. Title 33 M.R.S. § 505(1)(B) (2009) states:

   "Future advances" means debts or obligations secured by a mortgage that arise

[¶ 2] In November 2006, Litchfield signed a promissory note to Salem Capital for $6500. The promissory note was secured by a recorded mortgage. Salem subsequently increased the principal to $22,000 pursuant to two allonges; a third allonge that increased the debt still further is not at issue. The mortgage amendments that Litchfield executed in conjunction with the two allonges at issue were not recorded. In April 2007, Litchfield conveyed the property to a third party who later conveyed it to Eveleth. Eveleth in turn mortgaged the property to GAP Funding, LLC; Savings Bank of Maine as a successor to another bank; and Evergreen Credit Union.

[¶ 3] In December 2008, Salem Capital filed a complaint for foreclosure and sale against Litchfield, naming Eveleth and his three mortgagees as parties-in-interest and requesting that the court determine the order of priority among the parties. GAP Funding and Savings Bank of Maine defaulted. Salem Capital moved for summary judgment and the court held in its favor, finding that the recorded mortgage securing the initial $6500 loan provided Eveleth with sufficient notice to give rise to a duty to inquire about the exact amount of Litchfield's debt. On that basis, the court gave Salem Capital priority over Evergreen Credit Union and Eveleth as to the entire amount of debt reflected in the two allonges.

■ [¶ 4] We review a grant of a motion for summary judgment de novo, "viewing the evidence in the light most favorable to the party against whom judgment has been entered to decide whether the parties' statements of material facts and the referenced record evidence reveal a genuine issue of material fact." *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 10, 985 A.2d 508, 510 (quotation marks omitted). "On appeal from a grant of a summary judgment, we consider only the portions of the record referred to, and the material facts set forth, in the [M.R. Civ. P. 56(h) ] statements to determine whether there was no genuine issue as to any material fact and that the successful party was entitled to a judgment as a matter of law." *Id.* (quotation marks omitted).

■ [¶ 5] The District Court erred in giving Salem Capital priority with respect to the additional debt because the recorded mortgage did not meet the requirements for future advances set forth in 33 M.R.S. § 505(2). Specifically, the mortgage did not state that it secured future advances, nor did it specify the total amount of debt to be secured. *See id.* Salem Capital is therefore entitled to priority only as to the initial $6500 that is secured by the recorded mortgage.

subsequent to the execution and recording of the mortgage; except that the term does not include protective advances or contingent obligations. The term "future advances" includes only those advances made to or for the account of debtors designated in the mortgage. Future advances have priority as provided in this section.

Title 33 M.R.S. § 505(2) (2009) permits priority for future advances provided certain requirements are met:

An interest in real property that may be conveyed as security for a debt or other obligation may be mortgaged to secure future advances up to a total amount outstanding from time to time as stated in the mortgage instrument. Future advances secured by such a mortgage instrument have priority over persons who, subsequent to the recording of the mortgage, acquire any rights in or liens upon the mortgaged real estate, in accordance with subsection 5, only if the mortgage instrument states that it secures future advances and specifies the total amount of debts or obligations, including future advances, that it may secure from time to time.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.