STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        Docket No. CV-10-114
                                        MMM - KEN-10/14/201

KEITH ROBBINS and JOSEPHINE ROBBINS,
individually and as parents and next friends
of KEVIN ROBBINS, a minor,
        Plaintiffs
                                        **DECISION AND ORDER**
v.                                      **ON DEFENDANT'S MOTION**
                                        **FOR SUMMARY JUDGMENT**

ROMAD COMPANY, L.P.,
        Defendant

This matter comes before the Court on Defendant's Motion for Summary

Judgment, made pursuant to M.R. Civ. P. 56, with respect to Plaintiff's Complaint

alleging that Defendant's negligence was the proximate cause of injuries sustained by

their son, Kevin Robbins.


                            BACKGROUND

Plaintiffs Keith and Josephine Robbins ("Plaintiffs") are the parents and next

friends of their son Kevin Robbins ("Kevin"), a minor. The Defendant, Romad

Company, L.P. ("Romad"), operates a McDonald's franchise restaurant located at 85

Bangor Street in Augusta, Maine.

The lawsuit stems from injuries Kevin sustained on January 23, 2009, while

playing on a slide in the Playplace of Romad's restaurant. On that day, Plaintiffs claim

that Kevin went down the slide but stopped short, requiring him to stand up and walk to

the end. They further allege that he jumped or stepped from the slide onto the floor,

1

slipping and injuring himself as a result. At the time of the incident, both Plaintiffs were sitting in a booth near the Playhouse equipment. Keith witnessed the fall. Josephine did not see the fall but witnessed the immediate aftermath of the fall.

When Romad first began operating the McDonald's restaurant, the Playplace and the slide in question already existed at the location. Neither Romad nor McDonald's designed or manufactured any of the Playplace equipment, including the slide. The slide has remained unchanged since Romad began to operate the McDonald's restaurant. A safety specialist inspects the Playplace annually and has never recommended any repairs or modifications to the slide. The distance from the edge of the slide to the floor is slightly less than 13 inches. There is a sign prominently displayed in the Playplace that states: "ALL CHILDREN MUST BE SUPERVISED BY A PARENT OR OTHER ADULT AND MUST NOT BE LEFT UNSUPERVISED." Plaintiffs admit that, at no time, was Kevin left unsupervised. Just before the fall, Keith saw Kevin stand up and walk to the edge of the slide. He was not concerned for his safety nor did he get up to help Kevin off the slide.

In support of their claims, Plaintiffs rely on the report of David Dodge, a safety expert, who spent 30 minutes watching the slide and observed approximately 10 children using the slide. He noted that about half of the children chose to push themselves to the edge while seated, while the other half chose to stand up and walk or run to the edge. Dodge observed that none of the children fell during his inspection, but that "there was the potential to do so due to the fact that the slide surface is, intentionally, smooth, slippery and rounded . . . A step on the rounded side of the slide or a step when the child's body weight is not directly over the child's foot could cause an unbalancing and,

2

as a result, a fall. Both of these events are entirely foreseeable." Additionally, Plaintiffs

rely on their own observation that the floor surrounding the slide was "insufficiently

padded."[1]

On June 28, 2010, Plaintiffs filed a Complaint against Romad alleging that the

"construction, maintenance, supervision and/or absence of appropriate warnings

associated with the slide apparatus were negligent," proximately causing Kevin to sustain

certain injuries. Additionally, that "as a legal and proximate result of Defendant's

negligence . . . Plaintiffs sustained emotional distress and related damages as bystanders

to the accident." Although Plaintiffs are not explicit in identifying their claims, the Court

treats these as claims for premises liability, negligent failure to supervise and/or warn,

products liability, and negligent infliction of emotional distress on a bystander. On April

13, 2011, Romad filed the present motion for summary judgment.


## DISCUSSION


I.  *Summary Judgment standard*

Summary judgment is appropriate when review of the parties' statements of

material facts and the record evidence demonstrate that there is no dispute over any

genuine issue of material fact and that the moving party is entitled to judgment as a

matter of law. M.R. Civ. P. 56(c); *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d

733. A fact is material if it can affect the outcome of the case. *Dyer v. Dep't of Transp.*,

2008 ME 106, ¶ 14, 951 A.2d 821 (citation omitted). A genuine issue of fact exists when

---

[1] The padding issue was not raised in the Complaint, but was raised in Plaintiff's Counter
Statement of Material Facts.

3

"sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778 (citation and quotation omitted).

To withstand a motion for summary judgment, the non-moving party must establish a prima facie case for each element of the claim. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (citation omitted). Although summary judgment is usually inappropriate for deciding factual issues, it is appropriate "if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Flaherty v. Muther*, 2011 ME 32, ¶ 51, 17 A.3d 640 (citation and quotation omitted). In testing the propriety of a summary judgment motion, the facts are considered in the light most favorable to the non-moving party. *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63 (citation omitted).


II.     *Is Romad entitled to summary judgment on the issue of premises liability?*

A prima facie case for premises liability, as with any negligence claim, consists of duty, breach of that duty, causation, and damages. *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577 (citation omitted). A possessor of land generally owes to invitees a duty of "reasonable care in providing reasonably safe premises." *Milliken v. City of Lewiston*, 580 A.2d 151, 152 (Me. 1990) (citation and quotation omitted).[2]

The extent of the duty owed depends on whether an alleged dangerous condition is obvious or not. First, a possessor of land does not have a duty to protect invitees from

---

[2] In defining the duty of a landowner, the Law Court has abolished the distinction between invitees and licensees. *Poulin v. Colby Coll.*, 402 A.2d 846 (Me. 1979).

4

a dangerous condition on his land that is known or obvious unless the possessor should foresee the harm despite its obviousness. *Isaacson v. Husson Coll.*, 297 A.2d 98, 105 (Me. 1972) (adopting Restatement (Second) of Torts, § 343A(1)). A condition is obvious if "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Grover v. Boise Cascade Corp.*, 2003 ME 45, ¶ 7, 819 A.2d 322 (citation and quotation omitted).

Alternatively, a possessor of land has a duty to exercise reasonable care to protect his invitees against any condition involving an "unreasonable risk of harm" that he knows or should know about, and that invitees are unlikely to discover or protect themselves against (non-obvious conditions). *Isaacson*, 297 A.2d at 104-105 (adopting Restatement (Second) of Torts, § 343).[3] *See also Franklin v. Maine Amusement Co.*, 133 Me. 203, 205, 175 A. 305, 306 (1934) (Possessor of land owes invitee a duty to keep premises "free from all hidden defects, which by the exercise of reasonable care could have been discovered and guarded against.").[4]

---

[3] For simplicity, the Court here depicts § 343 in terms of duty owed. Section 343 actually defines premises liability in terms of overall liability:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm . . . and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Isaacson*, 297 A.2d at 104-105.

[4] Note that rather than citing the Restatement sections above, the parties cite to the special duty of a business owner to his invitees in "slip and fall" cases. *See Durham*, 2005 ME

Generally, the existence of a duty is a question of law for the court. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951 (citation omitted). Within that inquiry, factual determinations are ordinarily left to a jury. *See Grover*, 2003 ME 45, ¶¶ 7, 9-10, 819 A.2d 322 (questions of whether a danger was obvious or not, whether the defendant knew about it, and whether the defendant exercised reasonable care in protecting from the danger were issues of fact for the jury). *See also Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 14 n. 2, 19 A.3d 823 (the Court submitted the issue of duty to the jury in a products liability case to determine factually whether the seller knew or should have known of a dangerous condition); *Brown v. Rhoades*, 126 Me. 186, 192, 137 A. 58, 61 (1927) (negligence of amusement park could not be determined as matter of law when risks may have been hidden to a child due to his immaturity).[5]

While factual questions are ordinarily left to the jury, summary judgment is appropriate when the record leads the judge to conclude that no reasonable jury would be able to decide a material factual issue a certain way. *Watt*, 2009 ME 47, ¶ 28 n. 9, 969 A.2d 897. *See also Mangan v. Mathis*, 2003 Me. Super. LEXIS 26, *7 (February 19,

---

53, ¶ 8, 870 A.2d 577 ([A] business owner owes a positive duty of exercising reasonable care in providing reasonably safe premises . . . when it knows or should have known of a risk to customers on its premises.") (citations and quotation omitted). The Court defers to the Restatement sections because "this is not like a foreign substance slip-and-fall case where nobody knows who put the slippery substance in the floor." *Grover*, 2003 ME 45, ¶ 9, 819 A.2d 322.

[5] In that case, the child injured his leg when he started going too fast down an amusement park slide, panicked, and checked his speed by bracing his feet suddenly against the side of the walls while wearing rubber sneakers. *Brown*, 126 Me. at 188, 137 A. at 59. The parents alleged that the park breached its duty to maintain its premises in a reasonably safe condition by failing to properly supervise or warn of the dangers involved with wearing rubber shoes on the slide. *Id.* In overruling the trial court's demurrer, the Court reasoned that different inferences could be drawn as to the park's duty to warn the child and whether the danger would be hidden or obvious to a child of his age and experience. *Id.* at 190, 137 A. 60.

2003) ("An issue is 'genuine' and can survive summary judgment if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.") (citation omitted).

Assuming that the issue of the alleged "insufficient padding" is properly before the Court,[6] Plaintiffs have nevertheless failed to establish the prima facie elements of premises liability with regards to the padding. The first and only time the padding is mentioned in the record is in Plaintiffs' Counter Statement of Material Facts, which asserts simply that the floor was "insufficiently padded" in three separate paragraphs. Although these Facts cite to Josephine's deposition, where she describes the floor as comprised of a rubberized material that was less spongy than another Playplace floor she had observed in Bath, the Facts do not establish the other elements of premises liability. For instance, there is no suggestion that Romad knew or should have known the flooring was a risk, that invitees would be unlikely to discover or protect themselves against the risk, or that the flooring proximately caused or contributed to the injury.

In terms of the slide, the Court similarly finds that Plaintiffs have failed to make a prima facie case for premises liability. As to the obviousness issue, initially, the Court cannot say as a matter of law that any risk associated with the slide would be obvious to a child in Kevin's position. Indeed, Romad has not argued as such.

---

[6] Romad points out that Plaintiffs did not plead this fact in their Complaint, but added it during the summary judgment phase. The Court interprets the addition as a fact in further support of Plaintiff's claim for premises liability, which was inferred from their Complaint. Thus, Plaintiff's have not attempted to add a new cause of action. *See Burns*, 2011 ME 61, ¶21, 19 A.3d 823 (Notice pleading does not "permit a party to shift his cause of action at any point in the proceedings. Although an initial pleading may be presented in general terms, certainly by the time the parties are addressing a motion for summary judgment, a plaintiff must be prepared to clearly identify the asserted cause or causes of action and the elements of each claim.").

7

However, assuming the risk was not obvious to a child in Kevin's position, Plaintiffs have not provided sufficient evidence that Romad failed to exercise reasonable care to protect Kevin against an *"unreasonable* risk of harm" that Romad knew or should have known about, and that Kevin was unlikely to discover or protect himself against. (emphasis added). Although Plaintiffs presented some evidence about the slide through David Dodge, a reasonable jury would be unable to find that this slide constitutes an "unreasonable risk of harm."[7] There are countless ways that a child may be injured on playground equipment, yet these risks have been so widely accepted in modern society that this Court is not prepared to say that slipping off or falling off of a slide less than thirteen inches from the ground is an unreasonable risk of harm. The injury Kevin sustained falls within a broad class of reasonable risks children and parents accept when they willingly engage in playground activity. The fact that Kevin jumped or stepped from the end does not transmute a regular playground risk into an unreasonable risk of harm. A reasonable jury would be unable to conclude otherwise.

In addition, even assuming for the sake of argument that a reasonable jury could conclude that this slide presented an unreasonable risk of harm, the Plaintiff has failed to generate any evidence that any act or omission of the Defendant was the proximate cause of Kevin's injuries. The expert report, such as it is, fails to create the kind of substantiality and foreseeability required under Maine law as to the issue of proximate cause. As the Law Court stated in *Tolliver v. DOT,* 2008 ME 83 ¶42, 948 A.2d 1223,

---

[7] The Court notes additionally that while Plaintiffs attempted to present evidence of unreasonable risk of harm through David Dodge, they have not done so with regards to other required elements of premises liability, namely that Romad knew or should have known about the alleged risk, and that Kevin was unlikely to discover or protect himself against such risk (that it was non-obvious).

8

1226, there must be sufficient direct and inferential evidence to "indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence." *Id.* In this case, the most that the expert report can do is to ask a jury to speculate that any act or omission of the Defendants played a substantial part in bringing about or actually causing Kevin's injuries. For their part, Kevin's parents do not even attempt to suggest how or why the fall happened. The Court agrees with the Defendant's statement on page 9 of its Memorandum that "there is no evidence in the record whatsoever that the minor Plaintiff did anything other than simply trip, and unfortunately, fall of his own accord and not due to any fault of the Defendant."

III. *Is Romad entitled to summary judgment on the issues of negligent failure to supervise or negligent failure to warn?*

Plaintiffs do not develop their theory of negligent supervision or negligent failure to warn in the summary judgment record. Summary judgment is appropriate when if the "non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Flaherty*, 2011 ME 32, ¶ 51, 17 A.3d 640 (citation and quotation omitted). Additionally, the Court will consider only the material facts set forth, and portions of the record referenced therein. *Salem Capital Grp., LLC v. Litchfield*, 2010 ME 49, ¶ 4, 997 A.2d 720 (citation omitted). The only facts in the record

9

concerning supervision of the Playplace favor Romad: The Playplace contained a sign advising parents that supervision of children was their own responsibility; Plaintiffs were aware of the rule; Plaintiffs were, in fact, supervising Kevin that day; and Josephine testified that she did not believe that Romad should have a full time employee supervising the Playplace.

Given these facts, Plaintiffs have not made a prima facie case for negligent failure to supervise. Plaintiffs present no evidence of a duty to provide supervision in this case, or a breach thereof. Furthermore, it is enough that Plaintiffs have presented no evidence that the alleged lack of supervision proximately caused the accident. For that to be the case, a staff attendant would have to have had some foresight beyond the common sense of a parent. Keith admits that he did not feel concerned about the way Kevin chose to dismount and that he did not get up when he saw Kevin standing on the slide. Plaintiffs have presented no evidence that a different method of supervision would have prevented the accident from occurring.

Similarly, Plaintiffs have not developed their theory of negligent failure to warn. They have introduced no evidence to suggest that Romad's signage was insufficient or that the absence of warnings proximately caused Kevin's injuries.

IV. *Is Romad entitled to summary judgment on the issue of products liability due to a defect in design or manufacture?*

"Strict products liability attaches to a manufacturer when by a defect in design or manufacture, or by the failure to provide adequate warnings about its hazards, a product is sold in a condition unreasonably dangerous to the user." *Pottle v. Up-Right, Inc.*, 628 A.2d 672, 674-675 (Me. 1993) (citation omitted). While Maine law permits recovery

10

from an entity in the "chain of distribution" that is not the originating manufacturer, it does not recognize recovery from the ultimate purchaser or transferee. *See Moulton v. Moulton*, 2005 Me. Super. LEXIS 23, *10 (June 27, 2005) (citing Simmons, Zillman & Gregory, *Maine Tort Law* § 12.10 at 12-16 (2001 ed.)).

In this case, it is undisputed that Romad was not the manufacturer or anyone in the chain of distribution; rather it was the ultimate transferee. Thus, Plaintiffs cannot succeed on a products liability theory against Romad.

V.    *Is Romad entitled to summary judgment on the issue of negligent infliction of emotional distress to a bystander?*

For a plaintiff to recover for negligent infliction of emotional distress under a bystander theory, he must prove three elements: (1) He was at the scene of the incident, (2) he suffered serious mental distress as a result of perceiving the accident at that time, and (3) he was closely related to the victim. *Carter v. Williams*, 2002 ME 50, ¶ 17, 792 A.2d 1093 (citation omitted). Serious mental distress exists when a "'reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event.'" *Ryder v. USAA Gen. Indem. Co.*, 2007 ME 146, ¶ 21, 938 A.2d 4 (citation omitted).

Plaintiffs have not presented any evidence in the summary judgment record of "serious mental distress." Additionally, given the facts, there is no reason to believe that a "reasonable person . . . would be unable to adequately cope" with the experience of seeing his child fall off the end of a slide. Thus, Plaintiffs have not presented evidence of a prima facie case for negligent infliction of emotional distress to a bystander.

11

The entry is

Romad's Motion for Summary Judgment is GRANTED as to all counts.

Date: 10/14/11

M. Michaela Murphy
Justice, Superior Court

12

KEITH ROBBINS  - PLAINTIFF & OBO

Attorney for: KEITH ROBBINS
DAVID J VAN DYKE  - RETAINED
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116


JOSEPHINE ROBBINS  - PLAINTIFF & OBO

Attorney for: JOSEPHINE ROBBINS
DAVID J VAN DYKE  - RETAINED
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116


KEVIN ROBBINS  - MINOR PLAINTIFF
vs
ROBERT ORTINS (DBA) (REMOVED)  - DEFENDANT
85 BANGOR STREET
AUGUSTA ME 04330
ROMAD COMPANY LP - DEFENDANT

Attorney for: ROMAD COMPANY LP
MARK FRANCO  - RETAINED
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


LORRAINE ORTINS (DBA) (REMOVED)  - DEFENDANT
85 BANGOR STREET
AUGUSTA ME 04330


SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2010-00114


DOCKET RECORD


Filing Document: COMPLAINT             Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 06/17/2010

## Docket Events:
06/17/2010 FILING DOCUMENT - COMPLAINT FILED ON 06/17/2010

06/21/2010 Party(s):  KEITH ROBBINS
           ATTORNEY - RETAINED ENTERED ON 06/17/2010
           Plaintiff's Attorney: DAVID J VAN DYKE

06/28/2010 Party(s):  KEITH ROBBINS,KEVIN ROBBINS,JOSEPHINE ROBBINS
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 06/28/2010
           Plaintiff's Attorney:  DAVID J VAN DYKE

07/12/2010 Party(s):  ROMAD COMPANY LP
           RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 07/12/2010
           Defendant's Attorney: MARK FRANCO

07/12/2010 Party(s):  ROMAD COMPANY LP

ATTORNEY - RETAINED ENTERED ON 07/12/2010
Defendant's Attorney: MARK FRANCO

07/14/2010 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/14/2011

ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 07/14/2010
JOHN  NIVISON , JUSTICE

07/14/2010 ORDER - SCHEDULING ORDER ENTERED ON 07/14/2010
JOHN  NIVISON , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

07/19/2010 Party(s):  ROMAD COMPANY LP
SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 06/28/2010
Defendant's Attorney: MARK FRANCO

08/20/2010 Party(s):  KEITH ROBBINS
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 08/20/2010
Plaintiff's Attorney:  DAVID J VAN DYKE
MEDIATION SCHEDULED FOR NOVEMBER 4, 2010 BEFORE ROBERT HOY, ESQ.        12/10/10-
RESCHEDULED TO 1/5/11 AT 10:00.

09/22/2010 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/22/2010
M MICHAELA MURPHY , JUSTICE

10/28/2010 Party(s):  KEITH ROBBINS,JOSEPHINE ROBBINS
LETTER - FROM PARTY FILED ON 10/28/2010
Plaintiff's Attorney:  MARK FRANCO
PARTIES AGREEMENT TO EXTEND THE DEALINE FOR ADR TO 180 DAYS FROM ENTRY OF THE SCHEDULING
ORDER.

01/11/2011 Party(s):  JOSEPHINE ROBBINS
ATTORNEY - RETAINED ENTERED ON 01/17/2010
Plaintiff's Attorney: DAVID J VAN DYKE

01/11/2011 Party(s):  JOSEPHINE ROBBINS
ATTORNEY - REMOVAL ORDERED ON 01/11/2011
Plaintiff's Attorney: DAVID J VAN DYKE

01/11/2011 Party(s):  JOSEPHINE ROBBINS
ATTORNEY - RETAINED ENTERED ON 06/17/2010
Plaintiff's Attorney: DAVID J VAN DYKE

01/11/2011 ORDER - REPORT OF ADR CONF/ORDER FILED ON 01/10/2011
M MICHAELA MURPHY , JUSTICE

01/11/2011 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 01/10/2011

01/21/2011 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 01/18/2011
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
VAN DYKE AND FRANCO

02/08/2011 Party(s):  KEITH ROBBINS,JOSEPHINE ROBBINS
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 02/07/2011
           Plaintiff's Attorney:  DAVID J VAN DYKE

04/14/2011 Party(s):  ROMAD COMPANY LP
           MOTION - MOTION SUMMARY JUDGMENT FILED ON 04/13/2011
           Defendant's Attorney: THOMAS PAUL MARCZAK
           DEFT ROMAD COMPANY'S                              STATEMENT OF
           UNDISPUTED MATERIAL FACTS

05/03/2011 Party(s):  KEITH ROBBINS,JOSEPHINE ROBBINS
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/03/2011
           Plaintiff's Attorney:  DAVID J VAN DYKE
           W/ MEMORANDUM OF POINTS, COUNTER STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF DAVID J. VAN
           DYKE, ESQ.

05/17/2011 Party(s):  ROMAD COMPANY LP
           OTHER FILING - REPLY MEMORANDUM FILED ON 05/16/2011
           Defendant's Attorney: THOMAS PAUL MARCZAK
           DEFT ROMAD CO'S REPLY TO PLTFS' OPPOSITION TO MOTION FOR SJ, STATEMENT OF UNDISPUTED
           MATERIAL FACTS

05/24/2011 Party(s):  KEITH ROBBINS,JOSEPHINE ROBBINS
           OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 05/23/2011
           Plaintiff's Attorney:  DAVID J VAN DYKE
           PLTFS'

05/24/2011 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 05/23/2011
           Plaintiff's Attorney:  DAVID J VAN DYKE
           1.5 DAYS

06/24/2011 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 08/03/2011 at 10:00 a.m.  in Room No.  4

06/24/2011 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 06/24/2011
           MOTION LIST

06/29/2011 Party(s):  ROMAD COMPANY LP
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 06/28/2011
           Defendant's Attorney: THOMAS PAUL MARCZAK
           FOR ROMAD CO.

08/03/2011 HEARING - MOTION SUMMARY JUDGMENT HELD ON 08/03/2011
           NANCY  MILLS , JUSTICE
           Defendant's Attorney: THOMAS PAUL MARCZAK
           Plaintiff's Attorney:  DAVID J VAN DYKE
           TAPE 1437, INDEX 2190-2864

09/21/2011 CASE STATUS - DECISION UNDER ADVISEMENT ON 08/03/2011

10/18/2011 Party(s):  ROMAD COMPANY LP
           MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 10/14/2011
           M MICHAELA MURPHY , JUSTICE

COPY TO ATTUS VAN DYKE, FRANCO, MARCZAK

10/18/2011 FINDING - JUDGMENT DETERMINATION ENTERED ON 10/14/2011
        M MICHAELA MURPHY , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL

        ORDER - SUMMARY JUDGMENT ENTERED ON 10/14/2011
        M MICHAELA MURPHY , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL                                              COPY TO REPOSITORIES
        Judgment entered for ROMAD COMPANY LP and against KEITH ROBBINS, JOSEPHINE ROBBINS.


10/18/2011 FINDING - FINAL JUDGMENT CASE CLOSED ON 10/18/2011


A TRUE COPY
ATTEST:    _____
                    Clerk